UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-12201-RGS

MARCO COSTA

v.

MASSACHUSETTS PARTNERSHIP FOR CORRECTIONAL
HEALTHCARE, LLC, et al.

MEMORANDUM OF DECISION AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

August 7, 2018

STEARNS, D.J.

Marco Costa, an inmate at MCI-Norfolk, raises a potpourri of federal and state claims against the Massachusetts Partnership for Correctional Healthcare (MPCH) and employees Thomas Groblewski, Rebecca Lubelczyk, Stephanie Byron, and Megan McDermott (collectively, defendants). Suffering from chronic pain because of pre-incarceration accidents, Costa has repeatedly complained about the quality of care that he has received from MPCH. After unsuccessfully pursuing several grievances through MPCH's Clinical Grievance Mechanism, Costa repaired to the federal district court. Before the court is defendants' motion to dismiss Costa's Complaint.

## BACKGROUND

Marco Costa, an inmate in the custody of the Massachusetts Department of Correction (DOC), was assigned to MCI-Norfolk in 2013. Compl. ¶ 33. Prior to his incarceration, Costa was involved in two serious automobile accidents that left him with permanent injuries and chronic pain. *Id.* ¶¶ 17-21. MPCH, the focus of his ire, is a private contractor that provides medical care to DOC inmates. *Id.* ¶ 28.

MPCH provides a three-step grievance process, known as the Clinical Grievance Mechanism, to accommodate DOC inmates who have complaints about the adequacy or appropriateness of their medical care. Defs.' Mem. at 4. At step one, the inmate is required to make "an informal complaint by talking to MPCH's Health Service Administrator (HSA), or a designee, at the institution he is incarcerated at." *Id.* If the inmate is dissatisfied with the outcome of the informal complaint process, at step two, the inmate must fill out a formal "Inmate Medical and Mental Health Grievance & Appeal Form." *Id.* Again, if frustrated with the result, at step three, the inmate may take an appeal to "MPCH's Grievance and Appeal Coordinator, which [appeal] must be filed within ten (10) working days from the inmate's receipt of the HSA's, or designee's, response to his formal grievance." *Id.* at 5. Once the Grievance

and Appeal Coordinator issues a response, the inmate is deemed to have exhausted his available administrative remedies. *Id.*

Prior to filing this Complaint, Costa filed ten grievances with the HSAs, nine of which he did not appeal. *Id.* at 5-6. His one appeal was untimely – the HSA denied Grievance #97956 on August 24, 2017, but Costa did not appeal until November 15, 2017, almost three months later (and well outside the ten-day timeframe allowed). *Id.* at 7.

On November 8, 2017, Costa filed this Complaint, alleging medical malpractice and violations of 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and § 504 of the Rehabilitation Act, 29 U.S.C. § 794. Compl. ¶ 1.

### STANDARD OF REVIEW

To survive a motion to dismiss, a plaintiff must state a claim to relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This burden "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. However, in evaluating a motion to dismiss, the court takes the "factual allegations in the complaint as true and make[s] all reasonable inferences" in favor of the non-moving party. *See Mississippi Pub. Emps.' Ret. Sys. v. Boston Sci. Corp.*, 523 F.3d 75, 85 (1st Cir. 2008).

DISCUSSION[1]

*Federal Administrative Remedies*

Defendants argue that because Costa failed to perfect MPCH's Clinical Grievance Mechanism complaint process, the Prison Litigation Reform Act (PLRA) forecloses his federal claims for relief. The PLRA provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). "A court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1023-1025 (7th Cir. 2002) (dismissing a plaintiff's claim under the PLRA for filing an untimely appeal). However, the "exhaustion requirement hinges on the availab[ility] of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross*, 136 S. Ct. at 1858. The PLRA's exhaustion requirement "applies to all inmate suits about prison

---

[1] Costa requested, and the court granted, three extensions of time to file his response to Defendants' motion to dismiss. See Dkt. #47; Dkt. #50; Dkt. #53. Costa did not file his response by the final extension date set on August 3, 2018. Consequently, the court reviews this motion without the benefit of Costa's opposition.

life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Both the law and the facts in the present case are beyond dispute. Costa clearly failed to bring any of his ten grievances about prison conditions to an administrative resolution. Additionally, he has not alleged that he was denied an "available" remedy. *Ross*, 136 S. Ct. at 1858. Accordingly, the PLRA compels dismissal of Costa's § 1983, ADA, and Rehabilitation Act claims for failure to exhaust administrative remedies.

*State Medical Malpractice Claims*

Defendants insist that Costa's state medical malpractice claims should be also dismissed because of administrative exhaustion deficiencies.[2] Mass. Gen. Laws, ch. 231, § 60, sets out the prerequisites for bringing a medical malpractice claim: "Every action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal . . . [which] shall determine if the evidence presented if properly substantiated is sufficient to

---

[2] Costa's medical malpractice claims are evaluated under state rather than federal law as defendants are private contractors, not government employees. *See* Fed. Tort Claims Act, 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for personal liability or death caused by the negligent or wrongful act or omission of *any employee of the Government*.") (emphasis added).

raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result." *Id.*; *see also Wittkowski v. Spencer*, 249 F. Supp. 3d 582, 584 (D. Mass. 2017) ("Massachusetts law requires that [a] plaintiff's medical malpractice claim be heard by a tribunal."). "The purpose of the statute is to screen complaints in order 'to discourage frivolous claims whose defense would tend to increase premium charges for medical malpractice insurance.'" *Ruggiero v. Giamarco*, 73 Mass. App. Ct. 743, 744-745 (2009), quoting *Austin v. Boston Univ. Hosp.*, 372 Mass. 654, 655 n.4 (1977).

Chapter 231 also provides: "A person shall not commence an action against a provider of health care as defined in the seventh paragraph of section 60B[3] unless the person has given the health care provider 182 days written notice before the action is commenced." Mass. Gen. Laws ch. 231, § 60L(a). This written requirement may be shortened to 90 days if "the claimant has filed a complaint and commenced an action alleging medical malpractice against any health care provider involved in the claim." *Id.* § 60L(c)(2).

---

[3] "For the purposes of this section, a provider of health care shall mean a person, corporation, facility or institution licensed by the Commonwealth to provide health care of professional services as a physician, hospital, clinic or nursing home, registered or licensed nurse . . . or an officer, employee or agent thereof acting in the course and scope of his employment."

By any standard, Costa has failed to meet the requirements of Massachusetts law.  He failed to present his malpractice claims to a med-mal tribunal, a statutorily prescribed screening tool for determining "the medical viability of [a] plaintiff's claim," prior to bringing suit.  *Wittkowski*, 249 F. Supp. 3d at 584.  He also ignored the baseline prerequisite for bringing an action at all, by failing to provide defendants with written notice of his malpractice claims either 90 or 182 days before taking suit.  Moreover, as Costa's federal claims are precluded by the PLRA, this court is no longer a proper vessel for Costa's state-law claims.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 ("If the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

ORDER

For the foregoing reasons, defendants' motion to dismiss is <u>ALLOWED</u> with prejudice, except as to Costa's state malpractice claims, which are dismissed without prejudice.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE