UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-12201-RGS

MARCO COSTA

v.

MASSACHUSETTS PARTNERSHIP FOR CORRECTIONAL
HEALTHCARE, LLC, et al.

MEMORANDUM OF DECISION AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

January 3, 2019

STEARNS, D.J.

On August 7, 2018, this court allowed the motion filed by Massachusetts Partnership for Correctional Healthcare (MPCH) and its employees, Thomas Groblewski, Rebecca Lubelczyk, Stephanie Byron, and Megan McDermott, to dismiss inmate Marco Costa's federal and state claims against them. *See* Dkt #44 and #55. The court held that the Prison Litigation Reform Act (PLRA) compels dismissal of Costa's federal claims (civil rights claims under 28 U.S.C § 1983, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and § 504 of the Rehabilitation Act, 29 U.S.C. § 794), Compl. ¶ 1, as he had failed to exhaust his administrative remedies. Costa's state claims (all related to allegations of medical malpractice) were also

dismissed without prejudice, as Costa had ignored Massachusetts state administrative prerequisites for filing tort claims.

Officials and employees of the Massachusetts Department of Corrections (DOC) – Superintendent Sean Medeiros, Deputy Superintendent Lynn Lizotte, Deputy Superintendent Kristie Ladoucer, Captain Andrew Rego, Lt. Brett Barros, and Sgt. Antonio Servello (administrative defendants) – had also moved for dismissal. *See* Dkt #41. After several extensions to Costa's opposition deadline, with an ultimate expiration date of August 3, 2018, Costa filed an Amended Complaint on August 8, 2018. The Amended Complaint added a "medical defendant," Maureen Atkins, a registered nurse employed by MPCH "at all relevant times"; an administrative defendant, Cynthia Summer; and offered some scattered factual assertions (without anchoring dates); together with numerous exhibits, most of which cannot be considered for purposes of a motion to dismiss. *See* Dkt #85 at n.2. After reviewing the Complaint (and the Amended Complaint), the court dismissed the administrative defendants holding that, taking the plausible factual allegations in the Complaint as true and drawing all reasonable inferences in Costa's favor, he had failed to plead facts to support his claims for relief.

While accepting Costa's representations regarding the timing of his mailing of the Amended Complaint, a further review proves no more beneficial for Costa than the original Complaint.  As an example, while Costa names Maureen Aktins as a party and adds her in his requests for relief, he includes no factual assertions to support bringing her into this litigation, and fails to specify anything that she did, whether right or wrong, as part of his medical care.  Similarly, Costa simply accuses Cynthia Summer, without any factual predicate, of failing to become involved in his medical care.  *See* Am. Compl. ¶¶ 57 and 64. Costa's Amended Complaint, in other words, consists of "bare assertions" and conclusory statements, and adds nothing to alter the court's original grounds for dismissal.  *See* 28 U.S.C. § 1915A ("The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity. On review, the court shall . . . dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief can be granted.").  Accordingly, the Amended Complaint is DISMISSED and the motion for reconsideration is DENIED.

                SO ORDERED.

                /s/ Richard G. Stearns
                UNITED STATES DISTRICT JUDGE